-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

05 DEC 27 AM 11:59

TERRY LEE HINES,

    Plaintiff,

  -v-

**DECISION AND ORDER**
05-CV-0524E

CITY OF BUFFALO, N.Y.,

    Defendant.

---

Plaintiff Terry Lee Hines has filed this *pro se* action claiming that the City of Buffalo violated his "civil rights" when it failed to file a memorandum of law and order with Buffalo City Court and that, as a result, his property was sold at foreclosure. (Docket No. 1). He has requested permission to proceed *in forma pauperis* (Docket No. 2). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Based on its evaluation of the complaint, the Court finds that plaintiff's claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief can be granted.

Plaintiff had previously filed a similar claim against the Legal Aid Bureau of Buffalo alleging that Legal Aid had failed to file a memorandum of law and order with Buffalo City Court and that such led to an adverse determination in a foreclosure proceeding. (*Hines v. Legal Aid Bureau of Buffalo, Inc.*, 05-CV-0238E). That claim was dismissed *sua sponte* because there was no basis for subject matter jurisdiction for what appeared to be a legal malpractice claim. Plaintiff now makes the same allegations but pleads them against the City of

2

Buffalo, not Legal Aid. This claim too must be dismissed because plaintiff fails to state a claim upon which relief can be granted.

Liberally construing the complaint, e.g., *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir.1999) (*per curiam*), the Court finds that it seeks to allege a civil rights claim against the City of Buffalo under 42 U.S.C. § 1983 based on what plaintiff claims was the City's failure to file a memorandum of law and order with City Court which led to the foreclosure of his home. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993).

Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government such as the City of Buffalo may not be held liable under § 1983 <u>unless</u> the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir.

1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."). Here, plaintiff does not contend that any of the alleged constitutional deprivations, whatever they may be, were caused by or occurred pursuant to an official custom or policy of the City of Buffalo, and thus plaintiff has failed to state a § 1983 claim against this defendant.

Moreover, plaintiff does not allege what constitutional or other federal right was violated when the City failed to file a memorandum of law and order with City Court. A plaintiff's conclusory allegation of a constitutional violation, without more, fails to state a claim upon which relief may be granted. See Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning"). While plaintiff complains that he lost his property in foreclosure and attaches a letter from the City that his property was sold for outstanding city tax liens, he fails to allege anything more than that the City failed to file some paperwork; a claim he also previously made against Legal Aid. He does not allege what, if any, constitutional right he was denied nor how he was denied such right.

Lastly, while the usual practice is to allow leave to replead a deficient complaint, see Fed.R.Civ.P. 15(a); see also Ronzani v. Sanofi, S.A., 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, see Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). As noted, plaintiff had previously filed a baseless claim in this Court against Legal Aid related to the foreclosure of his property, a purely local proceeding, and his wife has also filed a malpractice action in this Court against an attorney whom she claims failed to properly file a deed in relation to the property at issue causing her to pay taxes and other fees on property she did not own. (Hines v. Weissfeld, 05-CV-0600E).[1] Allowing plaintiff leave to replead the instant complaint would be futile and would perpetuate the filing of baseless claims in this Court.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to

---

[1] This case is awaiting review pursuant to 28 U.S.C. § 1915(e)(2)(B).

the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:    Dec 23    , 2005